**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>JORGE L. SANTIAGO RODRIGUEZ AND<br>MARIA DEL C. COLON NEGRON,<br><br>DEBTORS. | CASE NO. 14-05035 (EAG)<br><br>CHAPTER 7 |
| JORGE L. SANTIAGO RODRIGUEZ AND<br>MARIA DEL C. COLON NEGRON,<br><br>PLAINTIFFS,<br><br>v.<br><br>JOSE SANTIAGO MARTINEZ<br>CHAPTER 7 TRUSTEE<br>ROBERTO ROMAN VALENTIN<br><br>DEFENDANTS. | ADV. PROCEEDING NO. 16-00114<br><br><br><br>FILED & ENTERED ON 6/8/2017 |

**OPINION AND ORDER**

After hearing the parties' arguments and taking into consideration the memoranda of law submitted by the parties [at Adv. Dkt. Nos. 37 & 39], the court grants the defendant's motion to dismiss [at Adv. Dkt. No. 19], now converted to a motion for summary judgment, and orders the entry of judgment dismissing the complaint.

**I. Uncontested Facts**

The parties, at the hearing held on April 20, 2017 [at Adv. Dkt. No. 33], agreed to the following uncontested facts:

The Superior Court of Ponce issued a post-judgment order in favor of defendant Jorge Santiago Martinez prohibiting the sale of several real properties, including the plaintiffs' home.

The defendant presented the prohibition order in the Registry of Property, San German Section, on April 8, 2014.

On June 19, 2014, the plaintiffs filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, which was docketed as case number 14-05035. On July 30, 2014, defendant Jorge Santiago Martínez filed a proof of claim in the amount of $86,467.54 secured with the plaintiffs' home and other properties. On August 5, 2014, the plaintiffs filed an objection to proof of claim number 2 alleging that it failed to include evidence of the perfection of the security interest on the home.

On August 6, 2014, the chapter 7 trustee filed a notice of abandonment of property, which included the plaintiffs' home. On August 29, 2014, the defendant responded to the objection to claim number 2 by submitting a state court order prohibiting the sale of the home and the minute of presentation of the order in the Registry of Property. The plaintiffs then withdrew their objection to the proof of claim on September 2, 2014. The plaintiffs were discharged on September 16, 2014, and the following day the bankruptcy case was closed.

The Registrar of the Property recorded the prohibition to sell on the plaintiffs' home on March 2, 2015.

On June 6, 2016, the plaintiffs filed an urgent motion to reopen the chapter 7 case in order to file the adversary proceeding of caption. The court reopened the case on June 14, 2016.

**II. Standard for summary judgment**

The standard for summary judgment is well-known. Pursuant to Rule 56, made applicable to these proceedings by Bankruptcy Rules 7056 and 9014(c), summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

### III. Applicable law and discussion

In this case, there is no genuine issue as to any material fact.  The defendant is entitled

to judgment since under section 546(a) an action to avoid a preferential transfer under section

547 must be commenced before the bankruptcy case is closed. Section 546(a) provides:

> (a)      An action or proceeding under section 544, 545, 547, 548, or 553 of this title
> may not be commenced after the **earlier of-**
> > (1)  the later of-
> > > (A)   2 years after the entry of the order for relief; or
> > > (B)   1 year after the appointment or election of the first trustee under
> > > section 702, 1104, 1163, 1202, or 1302 of this title if such appointment
> > > or such election occurs before the expiration of the period specified in
> > > subparagraph (A); or
> > (2)   the time the case is closed or dismissed.

11 U.S.C. § 546(a)(2) (emphasis added).

While section 546(a) is silent on the effect of reopening a case on the time limitation

of subsection 546(a)(2), courts have interpreted the word "closed" in subsection 546(a)(2) as

"properly and finally closed" and "[a] case is not properly or finally closed unless all assets,

including avoidance actions, are administered."  5 ALAN N. RESNICK & HENRY J. SOMMER, COLLIER

ON BANKRUPTCY 546.02[2][b] (16th ed. 2017); see also, In re Peebles, 224 B.R. 519, 521 (Bankr.

D. Mass. 1998) ("[A] case is not properly or finally closed until the assets of the estate are fully

administered; and the Debtor's failure to schedule the assets at issue in this proceeding

resulted in their remaining unadministered upon the closing of the case.").

Thus, when a debtor fails to disclose an asset, the time bar of subsection 546(a)(2) does

not prevent a trustee from commencing, after the case is closed, an action to avoid the transfer

of the undisclosed asset. But, an asset that has been fully disclosed by a debtor may not be the

subject of an avoidance action commenced after the case is closed.  See, Michael A. Grassmueck, Inc. v. WFS Fin., Inc. (In re Cortez), 255 B.R. 324 (Bankr. D. Or. 2000) (trustee time-barred under section 546(a)(2) from pursuing avoidance action after reopening of case).

Here, it is uncontested that the plaintiffs were aware before the case was closed that the defendant recorded in the Registry of Property the order prohibiting the sale of their residence.  The defendant attached the order prohibiting the sale to his response to the objection of his proof of claim.  As such, the plaintiffs had actual knowledge of the preferential transfer no later than  August 29, 2014, which was 19 days before the closing of the case, and could have started this action during that time.  But instead, the plaintiffs during that time withdrew their objection to the defendant's proof of claim: allowing the bankruptcy case to be closed.  Thus, the action is time-barred by subsection 546(a)(2).

**IV. Conclusion**

For the reasons stated above, the defendant's motion to dismiss [at Adv. Dkt. No. 19] is hereby granted as a motion for summary judgment. Judgment is to be entered dismissing this adversary proceeding.

In Ponce, Puerto Rico, this 8th day of June 2017.

Edward A. Godoy
U.S. Bankruptcy Judge